[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION FOR SUMMARY JUDGMENT (#145)
This case involves a tort action arising from personal injury sustained in a traffic accident which occurred in East Hampton, Connecticut, on April 21, 1989. The plaintiff, Stewart S. Danziger, was the driver of a vehicle that was allegedly struck in the rear by a vehicle driven by the defendant, Ida J. Shaknaitis. On September 14, 1992, oral argument on the plaintiff's motion for summary judgment on the issue of defendant's liability was heard before this court. The plaintiff argues in support of his motion that the defendant has admitted facts sufficient to establish liability and as a matter of law summary judgment on the issue of liability should be granted in plaintiff's favor. The defendant in opposition argues that no admissions as to liability have been made and that there continues to remain a genuine issue as to material facts as related to defendant's liability.
The purpose of the summary judgment motion is to expedite litigation by disposing of a case short of trial where there is an absence of any genuine issue as to a material fact or facts, which under applicable principles of substantive law, would entitle the moving party to a judgment as a matter of law. State v. Goggin, 208 Conn. 606, 615, 546 A.2d 250 (1988). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case. " Id., 619.
The court's function regarding summary judgment is not to try issues of fact but to determine whether there is an issue of fact. Gutierrez v. Thorne, 13 Conn. App. 493, 496,537 A.2d 527 (1988). The standard the court must apply in deciding a motion for summary judgment is to view the facts presented in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91, 111, 491 A.2d 368 (1985).
"`Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "`(citation omitted.) Zauner v. Brewer, 220 Conn. 176 180, 596 A.2d 388 (1991). CT Page 10488
In a motion for summary judgment, the initial burden of production and persuasion is on the moving party to show that there is no genuine issue of a material fact and that it is entitled to a judgment as a matter of law. Paine Webber Jackson Curtis, Inc. v. Winters, 13 Conn. App. 712, 724, 539 A.2d 595
(1988).
The motion for summary judgment must be filed with supporting documentation including affidavits based on personal knowledge. Practice Book 380. Also, triable issues as to damages are not subject to summary judgment. Practice Book 385.
The parties have complied with the requisite formalities under the Practice Book 378 et seq. However, the record indicates that triable issues of fact still remain as to the defendant's liability. As contained in plaintiff's supporting affidavit, the statements made by the defendant at the deposition of May 7, 1992, did present clear and substantial evidence concerning the issue of negligence, specifically actual and proximate causation; however, the statements in and of themselves are not conclusive on the issue of liability. The determination of the defendant's liability must be left to the ultimate trier of fact.
The court denies the plaintiff's motion for summary judgment based on the fact that the defendant's liability presents a genuine issue as to a material fact and the determination of such should be for the ultimate trier of fact.
WALSH, J.